1   JOSEPH J. MINIOZA, ESQ., (Bar No. 197379)
    KARA L. WILD, ESQ., (Bar No. 271647)
2   ERICKSEN ARBUTHNOT
    2300 Clayton Road, Suite 350
3   Concord, California 94520
    Tel: (510) 832-7770
4   Fax: (510) 832-0102
    jminioza@ericksenarbuthnot.com
5   kwild@ericksenarbuthnot.com

6   Attorneys for Defendant,
    GOLDEN GATE NATIONAL PARKS CONSERVANCY (erroneously sued as GOLDEN
7   GATE NATIONAL PARKS CONSERVANCY dba CRISSY FIELD CENTER)

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  GRETTA ETHERIDGE, an individual;        )  **Case No.:**
                                            )
12              Plaintiff,                   )  **NOTICE OF REMOVAL OF ACTION**
                                            )  **UNDER 28 U.S.C. § 1441(a) BY**
13          vs.                             )  **DEFENDANT GOLDEN GATE**
                                            )  **NATIONAL PARKS CONSERVANCY**
14  GOLDEN GATE NATIONAL PARKS             )
    CONSERVANCY dba CRISSY FIELD            )  **[Filed Concurrently with Civil Cover Sheet**
15  CENTER; NATIONAL PARK SERVICE;         )  **and Notice of Interested Parties.]**
    and DOES 1-50, inclusive,               )
16                                          )
                                            )  **Complaint Filed: June 6, 2019**
17              Defendants.                  )
                                            )
18                                          )
                                            )
19                                          )
    _____       )
20

21          TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22          PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant

23  GOLDEN GATE NATIONAL PARKS CONSERVANCY (erroneously sued as GOLDEN

24  GATE NATIONAL PARKS CONSERVANCY dba CRISSY FIELD CENTER) hereby removes

25  this civil action from the Superior Court of California for the County of San Francisco, where it

26  is currently pending as Case No. CGC-19-573443, to the United States District Court for the

27  Northern District of California, San Francisco Division.

28  ///

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) BY DEFENDANT GOLDEN GATE
NATIONAL PARKS CONSERVANCY**

1   This Court has original jurisdiction pursuant to 28 U.S.C. § 1441(a), which states that

2   "[e]xcept as otherwise expressly provided by Act of Congress, *any civil action brought in a*

3   *State court of which the district courts of the United States have original jurisdiction, may be*

4   *removed by the defendant or the defendants*, to the district court of the United States for the

5   district and division embracing the place where such action is pending." (emphasis added)  This

6   Court has original jurisdiction on the grounds that the location of the injury at issue, Crissy Field,

7   is federal, as is at least one of the defendants, and therefore the Federal Tort Claims Act applies

8   rather than state law for public entities.

9                                          **BACKGROUND**

10   On June 6, 2019, plaintiff GRETTA ETHERIDGE filed the operative Complaint in San

11   Francisco County Superior Court.  Defendant GGNPC was personally served with the Complaint

12   on June 12, 2019.  Plaintiff alleges that while visiting defendant GGNPC, she tripped and fell

13   while walking on a grassy area, injuring herself.  Plaintiff filed the operative Complaint naming

14   both GGNPC and defendant NPS as "a public entity and/or municipal corporation duly

15   organized and existing under the laws of the State of California."  Plaintiff alleges one cause of

16   action against GGNPC and NPS: Premises Liability—Notice of Dangerous Condition of

17   Property Pursuant to Government Code §§ 835 and 835.2(a).  (**Exhibit 1, Complaint**)

18   In fact, at least one of the entities, NPS, is a federal entity, and Crissy Field, on which

19   the incident took place, is federal property.  Plaintiff's counsel and GGNPC's counsel therefore

20   agreed that California state law did not apply and that the Federal Tort Claims Act should apply.

21   At this time, though NPS has been served, neither party has been able to reach any agent or

22   representative, nor has anyone contacted plaintiff or GGNPC's counsel on their behalf.

23                                     **GROUNDS FOR REMOVAL**

24   **A.      The Location at Issue Is Subject to Federal Jurisdiction**

25   This Court has original jurisdiction pursuant to 28 U.S.C. § 1441(a) on the basis that

26   "[e]xcept as otherwise expressly provided by Act of Congress, *any civil action brought in a*

27   *State court of which the district courts of the United States have original jurisdiction, may be*

28   *removed by the defendant or the defendants*, to the district court of the United States for the

district and division embracing the place where such action is pending." (emphasis added)  This Court has original jurisdiction on the grounds that the location of the injury at issue, Crissy Field, and at least one of the entities, NPS, is federal, and therefore the Federal Tort Claims Act applies rather than state tort law for public entities.

*California Government Code* § 811.2 clearly defines "public entity" as "the state, the Regents of the University of California, the Trustees of the California State University and the California State University, a county, city, district, public authority, public agency, ***and any other political subdivision or public corporation in the State*.**" (emphasis added).  Therefore, the California law cited in the Complaint, *California Government Code* §§ 835 and 835.2(a), do not apply to federal entities because the "public entity" they refer to is a state public entity only.

GGNPC is aware that pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  Though GGNPC understands from plaintiff's counsel that NPS was personally served on June 14, 2019, neither GGNPC nor plaintiff's counsel has been able to reach any agent or representative of NPS, nor has any agent or representative of NPS contacted either plaintiff's counsel or GGNPC.  Mindful of the 30-day deadline from the date of service imposed by 28 U.S.C. § 1446(b)(2)(B), out of an abundance of caution, GGNPC has filed this Notice so as not to inadvertently waive any right to file.  GGNPC does not believe that NPS would object to removal of the case to federal court.

The Complaint also names Doe Defendants "1 through 50". (**Exhibit 1, Complaint**). For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability.

**B.     The Other Prerequisites for Removal Have Been Met.**

This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt … of the initial pleading … to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Plaintiff filed the Complaint with the state court on June 6, 2019.  Defendant GGPNC was personally served with a copy of the Complaint on June 12, 2019,

1   while defendant NPS was personally served with a copy of the Complaint on June 14, 2019.

2   This action is properly removed to the United States District Court for the Northern District of

3   California, San Francisco Division, "the district and division embracing the place where [the]

4   action is pending." 28 U.S.C. § 1441(a).

5          Title 28 U.S.C. § 1446(a), requires a copy of all process, pleadings, and orders served

6   upon the removing defendant in the state court action (Case No. CGC-19-573443) to be included

7   with this Notice of Removal. To date, the only documents served upon GGNPC has been the

8   Complaint and its accompanying documents, attached as **Exhibit 1**.

9          Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal

10  Court, attached hereto as **Exhibit 2**, together with this Notice of Removal, will be served upon

11  counsel for plaintiff and NPS, and will be filed with the clerk of the Superior Court for the

12  County of San Francisco. By filing this Notice of Removal, GGNPC does not waive any rights to

13  object to jurisdiction over the person or venue, and reserves the right to assert any defenses

14  and/or objections to which it may be qualified to assert.

15         Should the Court question whether removal of this action is appropriate, GGNPC

16  respectfully requests the opportunity to submit further briefing and, if necessary, oral argument,

17  in support of its position.

18  DATED:  June 13, 2019                    ERICKSEN ARBUTHNOT

19

20

21                                          JOSEPH J. MINIOZA
                                            KARA L. WILD
22                                          Attorneys for Defendant,
                                            GOLDEN GATE NATIONAL PARKS
23                                          CONSERVANCY

24

25

26

27

28

**EXHIBIT 1**

SUM-100

| | |
|---|---|
| **SUMMONS** <br> *(CITACION JUDICIAL)* | FOR COURT USE ONLY <br> *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
(Additional Parties Attachment Form is Attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GRETTA ETHERIDGE, an individual;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* San Francisco <br> 400 McAllister Street <br> San Francisco, CA 94102 | CASE NUMBER: <br> *(Número del Caso):* **CGC-19-576508** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LOUIS | WHITE PC, 1851 Heritage Lane, Suite 148, Sacramento, CA 95815 (916) 333-3613

| | | | |
|---|---|---|---|
| DATE: <br> *(Fecha)* | JUN 0 6 2019 | Clerk, by BOWMAN LIU <br> *(Secretario)* DEPUTY CLERK | , Deputy <br> *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify): Golden Gate National Parks Conservancy
3. ☑ on behalf of (specify): dba Crissy Field Center

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☑ other (specify): 416.50 Public Entity
4. ☑ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Etheridge v. Golden Gate National Parks Conservancy, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

GOLDEN GATE NATIONAL PARKS CONSERVANCY dba CRISSY FIELD CENTER; NATIONAL PARK SERVICE; and DOES 1-50, inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1    Jamil L. White (SBN: 244028)
2    Andrey R. Yurtsan (SBN: 294760)
     LOUIS WHITE PC
3    1851 Heritage Lane, Suite 148
     Sacramento, CA 95815
4    Telephone:  (916) 333-3613
     Facsimile:    (916) 274-4631
5    Attorneys for Plaintiff,
     GRETTA ETHERIDGE
6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF SAN FRANCISCO

10

11

12    GRETTA ETHERIDGE, an individual;      CASE NO.:   **CGC-19-576508**

13           Plaintiff,                  PLAINTIFF GRETTA
14        vs.                        ETHERIDGE'S COMPLAINT FOR:

15    GOLDEN GATE NATIONAL PARKS      **1. PREMISES LIABILITY --**
     CONSERVANCY dba CRISSY FIELD      **NOTICE OF DANGEROUS**
16    CENTER; NATIONAL PARK SERVICE; and    **CONDITION OF PROPERTY**
     DOES 1-50, inclusive,                 **PURSUANT TO GOVERNMENT**
17                           **CODE §§ 835 AND 835.2(a)**
           Defendants.
18

19

20

21                    <u>PRELIMINARY ALLEGATIONS</u>

22    1.      At all times mentioned herein, Plaintiff GRETTA ETHERIDGE ("Plaintiff") was and is a

23    resident of the County of Sacramento, State of California.

24    2.      At all times mentioned herein, Plaintiff is informed and believes that Defendant GOLDEN

25    GATE NATIONAL PARKS CONSERVANCY dba CRISSY FIELD CENTER ("GGNPC") was

26    and is a public entity and/or municipal corporation duly organized and existing under the laws of

27    the State of California, located in the County of San Francisco, California.

28

1

PLAINTIFF GRETTA ETHERIDGE'S COMPLAINT

3.      At all times mentioned herein, Plaintiff is informed and believes that Defendant NATIONAL PARK SERVICE ("NPS") was and is a public entity and/or municipal corporation duly organized and existing under the laws of the State of California

4.      The true names and capacities, whether individuals, corporate, associate or otherwise, of the defendants DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE is responsible under law in some manner and liable herein by reason of negligence, wanton and reckless misconduct, breach of warranty, strict liability, and in other manner, and by such wrongful conduct proximately caused the events and happenings herein referred to and proximately thereby caused the injuries and damages to Plaintiff as alleged herein.

5.      The amount in controversy exceeds $25,000.00 and thus exceeds the minimum jurisdictional amount of the unlimited jurisdiction of the Superior Court of the State of California.

6.      Plaintiff is informed and believes, and thereon alleges, that at all time relevant herein, each defendant, whether designated by name or as a DOE, was the agent, servant, and employee of every other defendant, who was a principle, master, and employer of each other defendant, and every defendant was acting within the course and scope of said agency, authority and employment. Furthermore, each of the defendants was a partner and engaged in a joint venture with every other defendant, and each defendant was acting within the course, scope, and in furtherance of said partnership and joint venture; and each defendant who was a principle, master, or employer authorized, ratified, directed, and approved the acts, omissions, and conduct of each other defendant; and each defendant assumed the liabilities of every other defendant with respect to the conditions, incidents, events, injuries and damages referred to herein.

7.      On September 29, 2018, PLAINTIFF was visiting GOLDEN GATE NATIONAL PARK CENTER dba CRISSY FIELD CENTER.

8.  While visiting GGNPC, PLAINTIFF was walking on a grassy area wherein there was a divot more than 2 inches deep which was covered by grass. Plaintiff fell and shattered 3 bones in her right foot.

9.  GGNPC and NPS failed to use reasonable care in the maintenance of this grassy area of the park. This defect (divot in the grass) is well in excess of two (2) inches and is not trivial or insignificant.

10. The divot was due to design defect, neglect, disrepair, failure to inspect, and/or failure to maintain by the GGNPC and NPS.

11. PLAINTIFF is informed and believes and thereupon alleges that the GOLDEN GATE NATIONAL PARK CENTER and NATIONAL PARK SERVICE had either actual or constructive notice that the divot in the grass, due to, but not limited to, design defect, neglect, disrepair, failure to inspect, and/or failure to maintain the area, presented a dangerous, unsafe, and hazardous condition to individuals such as PLAINTIFF using the public property.

12. PLAINTIFF is informed and believes and thereupon alleges that Defendants made no attempt to maintain the condition of the field or service the field, or, if it did, it did so inadequately and negligently. Furthermore, had Defendants adequately inspected the field they would have acquired the requisite notice of the properties dangerous condition.

13. PLAINTIFF went to Urgent Care with complaints of foot pain. At the Urgent Care, she was examined, evaluated and underwent scans of her right foot. After these imaging studies, it was determined that PLAINTIFF had 3 bones shattered and need surgery as a result of this incident.

14. PLAINTIFF underwent surgery at Sutter Hospital in Elk Grove. After this procedure, PLAINTIFF was provided with medications and instructed to return for surgery to have the sutures removed. PLAINTIFF was given a knee scooter, boot, cast and crutches during this time.

15. Prior to the accident, PLAINTIFF was very active. However, to date, PLAINTIFF'S daily tasks have been severely curtailed as she cannot maintain her previously lifestyle due to severe pain in her right foot.

16.     The name(s) of the public employee(s) causing PLAINTIFF'S injuries under the described circumstances are not known to PLAINTIFF at this time.

17.     The injuries sustained by PLAINTIFF, as far as known, as of the date of this Complaint, consist of the significant shattered bones to the right foot, associated treatment and recovery. The financial cost to the PLAINTIFF, and the cost of bills, must be recovered.

18.     On March 8, 2019, PLAINTIFF presented her claim to the Department of Parks and Recreation and Government Claims Program, pursuant to California Government Code § 910. This claim was rejected on March 27, 2019.

### FIRST CAUSE OF ACTION
**Premises Liability–Notice of Dangerous Condition of Property Pursuant to Government Code §§ 835 and 835.2(a)**
(Against all Defendants)

19.     Plaintiff incorporates all allegations of this Complaint and re-alleges them as though they were fully set forth herein.

20.     Defendants failed to use reasonable care in the maintenance of this property. This defect (divot in the grass) is well in excess of two (2) inches and is not trivial or insignificant.

21.     The divot in the grass was due to design defect, neglect, disrepair, failure to inspect, and/or failure to maintain by the Defendants.

22.     PLAINTIFF is informed and believes and thereupon alleges that the Defendants had either actual or constructive notice that the divot in the grass, due to, but not limited to, design defect, neglect, disrepair, failure to inspect, and/or failure to maintain the field, presented a dangerous, unsafe, and hazardous condition to individuals such as PLAINTIFF using the public property.

23.     PLAINTIFF is informed and believes and thereupon alleges that the Defendants made no attempts to maintain the condition of the field or service the field or, if it did, it did so inadequately and negligently. Furthermore, had the Defendants adequately inspected the field they would have acquired the requisite notice of the property's dangerous condition.

24.     PLAINTIFF is informed, believes and thereupon alleges that the circumstances under which a public entity will be held liable for injuries caused by a dangerous condition of property is governed by California Government Code § 835. This Section states:

4

1  Except as provided by statute, a public entity is liable for
2  injury caused by a dangerous condition of its property if the
   plaintiff establishes that the property was in a dangerous condition
3  at the time of the injury, that the injury was proximately caused by
   the dangerous condition, that the dangerous condition created a
4  reasonably foreseeable risk of the kind of injury which was incurred,
   and that either:
5

6  (a) A negligent or wrongful act or omission of an employee of the
   public entity within the scope of his employment created the
7  dangerous condition; or

8  (b) The public entity had actual or constructive notice of the
   dangerous condition under Section 835.2 a sufficient time prior to
9  the injury to have taken measures to protect against the dangerous
10  condition.

11  25.     PLAINTIFF is informed, believes that California Government Code § 835.2 explains a

12  public entity notice of a dangerous condition.  This Section states:

13  (a) A public entity had actual notice of a dangerous
    condition within the meaning of subdivision (b) of Section 835 if it
14  had actual knowledge of the existence of the condition and knew or
    should have known of its dangerous character.
15

16  (b) A public entity had constructive notice of a dangerous
    condition within the meaning of subdivision (b) of Section 835 only
17  if the plaintiff establishes that the condition had existed for such
    a period of time and was of such an obvious nature that the public
18  entity, in the exercise of due care, should have discovered the
    condition and its dangerous character. On the issue of due care,
19  admissible evidence includes but is not limited to evidence as to:
20

21  (1) Whether the existence of the condition and its dangerous
    character would have been discovered by an inspection system that was
22  reasonably adequate (considering the practicability and cost of
    inspection weighed against the likelihood and magnitude of the
23  potential danger to which failure to inspect would give rise) to
    inform the public entity whether the property was safe for the use or
24  uses for which the public entity used or intended others to use the
    public property and for uses that the public entity actually knew
25  others were making of the public property or adjacent property.

26  (2) Whether the public entity maintained and operated such an
    inspection system with due care and did not discover the condition.
27

28

5

26. PLAINTIFF is informed, believes and thereon alleges that at the time of the Subject Incident in September of 2018, and prior thereto, Defendant GOLDEN GATE NATIONAL PARK CENTER dba CRISSY FIELD CENTER owned, maintained and controlled the subject field.

27. PLAINTIFF is informed, believes and thereon alleges that the Defendant GGNPC knew or should have known of the dangerous condition of the subject field, specifically, the defective divot in the field that was well in excess of two (2) inches and is not trivial or insignificant.

28. PLAINTIFF is informed, believes and thereon alleges that at the time of the Subject Incident in September of 2018, and prior thereto, Defendants had actual and/or constructive knowledge that the subject field was in a clear and obvious condition which created a substantial risk for the type of injury alleged herein. In addition, Defendants should have, prior to the incident of September of 2018, taken measures to protect against this dangerous condition.

29. PLAINTIFF was not aware of the dangerous condition of the subject field at the time of the Subject Incident in September 2018.

30. PLAINTIFF is informed, believes and thereon alleges that as a proximate result of Defendants' breach of its duty to maintain the subject field in a safe, non-hazardous and non-dangerous condition and its failure to remedy the unsafe, hazardous and dangerous condition or to have such repaired or remedied within a reasonable time, or at all, Defendants are in violation of California Government Code §§ 835 and 835.2. Due to Defendants' failure and breach, PLAINTIFF was injured in her health, strength and activity, sustaining injuries to her person, all of which have caused, and will continue to cause, PLAINTIFF significant mental and physical pain and suffering. PLAINTIFF is informed, believes and thereon alleges that said injuries will result in permanent disability to PLAINTIFF, all to her damages, in an amount subject to proof at trial.

31. As a direct and proximate result of the aforementioned accident caused by each of the Defendants and DOES 1 through 50, inclusive, as set forth specifically above, PLAINTIFF suffered severe, painful, debilitating and permanent physical injuries to her body including but not limited to right foot and ankle pain, 3 shattered bones and 2 surgeries.

1    32.    As a direct and proximate result of the negligence or other wrongful conduct of

2    Defendants, and each of them, as herein alleged, PLAINTIFF was required to and did employ

3    physicians for medical examination, treatment and care of said injuries, and did incur medical and

4    incidental expenses among others the exact amount of which is unknown at the present time.

5    Plaintiff will amend this Complaint to set forth such damages as they become more fully known.

6    33.    As a direct and proximate result of the negligence or other wrongful conduct of

7    Defendants, and each of them, as herein alleged, PLAINTIFF has incurred and will incur in the

8    future further medical and incidental expenses for the care and treatment of these injuries the

9    exact amount of which is unknown at the present time. PLAINTIFF will amend this Complaint to

10    set forth such damages as they become more fully known.

11    34.    As a further direct and proximate result of the actions, conduct and breach of duty of

12    Defendants set forth herein, PLAINTIFF has suffered and incurred special damages in an amount

13    according to proof.

14    **PRAYER FOR DAMAGES**

15    WHEREFORE, Plaintiff GRETTA ETHERIDGE prays for judgment against Defendants,

16    and each of them, as follows:

17        1) For general and actual damages according to proof;

18        2) For past and future medical, incidental and related expenses according to proof;

19        3) For costs of suit incurred herein; and

20        4) For such other and further relief as the Court may deem just and proper.

21

22    DATED: June 6, 2019             Respectfully submitted,

23                                LOUIS | WHITE

24

25

26                                JAMIL L. WHITE

                                  Attorneys for Plaintiff

27                                 GRETTA ETHERIDGE

28

7

CASE NUMBER: CGC-19-576508  GRETTA ETHERIDGE VS. GOLDEN GATE NATIONAL PARK

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:     NOV-06-2019

TIME:     10:30AM

PLACE:    Department 610
              400 McAllister Street
              San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110
> no later than 15 days before the case management conference. However, it would facilitate
> the issuance of a case management order  without an appearance  at the case
> management conference if the case management statement is filed, served and lodged in
> Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN
> MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR
> OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
>
> (SEE LOCAL RULE 4)

Plaintiff  must  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

Superior Court Alternative Dispute Resolution Administrator
400  McAllister Street, Room 103-A
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LOUIS T WHITE PC<br>Jamil L. White (SBN: 244028)<br>1851 Heritage Lane, Suite 148<br>Sacramento, CA 95815<br>TELEPHONE NO.: (916) 333-3613   FAX NO.: (916) 274-4631<br>ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

FILED
JUN 0 6 2019

CASE NAME:
Etheridge v. Golden Gate National Parks Conservancy, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC-19-576508 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☑ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): One
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: June 6, 2019
Jamil L. White
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- ADR can save time. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- ADR can save money, including court costs, attorney fees, and expert fees.
- ADR encourages participation. The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- ADR is more satisfying. For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

**WHAT ARE THE ADR OPTIONS?**
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**
Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF), in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) JUDICIAL MEDIATION PROGRAM provides mediation with a San Francisco Superior Court Judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) PRIVATE MEDIATION: Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) COMMUNITY BOARDS MEDIATION SERVICES: Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION
An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION
When the court orders a case to arbitration it is called "Judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION
Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:
- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

For more information about ADR programs or dispute resolution alternatives, contact:

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS.  THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO <br> 400 McAllister Street <br> San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____ <br><br> DEPARTMENT 610 |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court Judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days  ☐ 90-120 days  ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

2) The parties agree that the ADR Process shall be completed by (date): _____

3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

| | |
|---|---|
| _____ <br> Name of Party Stipulating | _____ <br> Name of Party Stipulating |
| _____ <br> Name of Party or Attorney Executing Stipulation | _____ <br> Name of Party or Attorney Executing Stipulation |
| _____ <br> Signature of Party or Attorney | _____ <br> Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  10/18        **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

**EXHIBIT 2**

1    JOSEPH J. MINIOZA, ESQ., (Bar No. 197379)
     KARA L. WILD, ESQ., (Bar No. 271647)
2    ERICKSEN ARBUTHNOT
     2300 Clayton Road, Suite 350
3    Concord, California 94520
     Tel: (510) 832-7770
4    Fax: (510) 832-0102
     jminioza@ericksenarbuthnot.com
5    kwild@ericksenarbuthnot.com

6    Attorneys for Defendant,
     GOLDEN GATE NATIONAL PARKS CONSERVANCY (erroneously sued as GOLDEN
7    GATE NATIONAL PARKS CONSERVANCY dba CRISSY FIELD CENTER)

8          SUPERIOR COURT OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

9                               UNLIMITED JURISDICTION

10   GRETTA ETHERIDGE, an individual;          )   **Case No.: CGC-19-573443**
                                               )
11                                             )
                    Plaintiff,                 )   **NOTICE TO ADVERSE PARTY OF**
12                                             )   **REMOVAL TO FEDERAL COURT**
                                               )
13        vs.                                  )
                                               )
14   GOLDEN GATE NATIONAL PARKS                )
     CONSERVANCY dba CRISSY FIELD              )
15   CENTER; NATIONAL PARK SERVICE;            )
     and DOES 1-50, inclusive,                 )
16                                             )
                                               )
17                  Defendants.                )
                                               )
18   _____)

19         TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20         NOTICE IS HEREBY GIVEN that a Notice of Removal of this action was filed in

21   the United States District Court for the Northern District of California, San Francisco

22   Division, on or about July 12, 2019.  A copy of said Notice of Removal is attached to this

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                 **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**
                                        - 1 -

1  Notice as Exhibit 1.

2  DATED: July 12, 2019                    ERICKSEN ARBUTHNOT

3

4

5                                         JOSEPH J. MINIOZA
                                          KARA L. WILD
6                                         Attorneys for Defendant,
                                          GOLDEN GATE NATIONAL PARKS
7                                         CONSERVANCY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

1 JOSEPH J. MINIOZA, ESQ., (Bar No. 197379)
  KARA L. WILD, ESQ., (Bar No. 271647)
2 ERICKSEN ARBUTHNOT
  2300 Clayton Road, Suite 350
3 Concord, California 94520
  Tel: (510) 832-7770
4 Fax: (510) 832-0102
  jminioza@ericksenarbuthnot.com
5 kwild@ericksenarbuthnot.com

6 Attorneys for Defendant,
  GOLDEN GATE NATIONAL PARKS CONSERVANCY (erroneously sued as GOLDEN
7 GATE NATIONAL PARKS CONSERVANCY dba CRISSY FIELD CENTER)

8        UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA

10        SAN FRANCISCO DIVISION

11 GRETTA ETHERIDGE, an individual;  ) **Case No.:**
                )
12     Plaintiff,     ) **NOTICE OF REMOVAL OF ACTION**
                ) **UNDER 28 U.S.C. § 1441(a) BY**
13          ) **DEFENDANT GOLDEN GATE**
    vs.        ) **NATIONAL PARKS CONSERVANCY**
14          )
  GOLDEN GATE NATIONAL PARKS )
15 CONSERVANCY dba CRISSY FIELD ) **[Filed Concurrently with Civil Cover Sheet**
  CENTER; NATIONAL PARK SERVICE; ) **and Notice of Interested Parties.]**
16 and DOES 1-50, inclusive,   )
                ) **Complaint Filed: June 6, 2019**
17     Defendants.   )
                )
18          )
                )
19          )
  —————————————————— )
20

21   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22   PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant

23 GOLDEN GATE NATIONAL PARKS CONSERVANCY (erroneously sued as GOLDEN

24 GATE NATIONAL PARKS CONSERVANCY dba CRISSY FIELD CENTER) hereby removes

25 this civil action from the Superior Court of California for the County of San Francisco, where it

26 is currently pending as Case No. CGC-19-573443, to the United States District Court for the

27 Northern District of California, San Francisco Division.

28 ///

   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) BY DEFENDANT GOLDEN GATE**
            **NATIONAL PARKS CONSERVANCY**

1     This Court has original jurisdiction pursuant to 28 U.S.C. § 1441(a), which states that

2  "[e]xcept as otherwise expressly provided by Act of Congress, *any civil action brought in a*

3  *State court of which the district courts of the United States have original jurisdiction, may be*

4  *removed by the defendant or the defendants*, to the district court of the United States for the

5  district and division embracing the place where such action is pending." (emphasis added)  This

6  Court has original jurisdiction on the grounds that the location of the injury at issue, Crissy Field,

7  is federal, as is at least one of the defendants, and therefore the Federal Tort Claims Act applies

8  rather than state law for public entities.

9                                **BACKGROUND**

10     On June 6, 2019, plaintiff GRETTA ETHERIDGE filed the operative Complaint in San

11  Francisco County Superior Court.  Defendant GGNPC was personally served with the Complaint

12  on June 12, 2019.  Plaintiff alleges that while visiting defendant GGNPC, she tripped and fell

13  while walking on a grassy area, injuring herself.  Plaintiff filed the operative Complaint naming

14  both GGNPC and defendant NPS as "a public entity and/or municipal corporation duly

15  organized and existing under the laws of the State of California."  Plaintiff alleges one cause of

16  action against GGNPC and NPS: Premises Liability—Notice of Dangerous Condition of

17  Property Pursuant to Government Code §§ 835 and 835.2(a).  (**Exhibit 1, Complaint**)

18     In fact, at least one of the entities, NPS, is a federal entity, and Crissy Field, on which

19  the incident took place, is federal property.  Plaintiff's counsel and GGNPC's counsel therefore

20  agreed that California state law did not apply and that the Federal Tort Claims Act should apply.

21  At this time, though NPS has been served, neither party has been able to reach any agent or

22  representative, nor has anyone contacted plaintiff or GGNPC's counsel on their behalf.

23                            **GROUNDS FOR REMOVAL**

24  **A.     The Location at Issue Is Subject to Federal Jurisdiction**

25     This Court has original jurisdiction pursuant to 28 U.S.C. § 1441(a) on the basis that

26  "[e]xcept as otherwise expressly provided by Act of Congress, *any civil action brought in a*

27  *State court of which the district courts of the United States have original jurisdiction, may be*

28  *removed by the defendant or the defendants*, to the district court of the United States for the

1  district and division embracing the place where such action is pending." (emphasis added)  This

2  Court has original jurisdiction on the grounds that the location of the injury at issue, Crissy Field,

3  and at least one of the entities, NPS, is federal, and therefore the Federal Tort Claims Act applies

4  rather than state tort law for public entities.

5       *California Government Code* § 811.2 clearly defines "public entity" as "the state, the

6  Regents of the University of California, the Trustees of the California State University and the

7  California State University, a county, city, district, public authority, public agency, *and any*

8  *other political subdivision or public corporation in the State*." (emphasis added).  Therefore, the

9  California law cited in the Complaint, *California Government Code* §§ 835 and 835.2(a), do not

10 apply to federal entities because the "public entity" they refer to is a state public entity only.

11      GGNPC is aware that pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is

12 removed solely under section 1441(a), all defendants who have been properly joined and served

13 must join in or consent to the removal of the action."  Though GGNPC understands from

14 plaintiff's counsel that NPS was personally served on June 14, 2019, neither GGNPC nor

15 plaintiff's counsel has been able to reach any agent or representative of NPS, nor has any agent

16 or representative of NPS contacted either plaintiff's counsel or GGNPC.  Mindful of the 30-day

17 deadline from the date of service imposed by 28 U.S.C. § 1446(b)(2)(B), out of an abundance of

18 caution, GGNPC has filed this Notice so as not to inadvertently waive any right to file.  GGNPC

19 does not believe that NPS would object to removal of the case to federal court.

20      The Complaint also names Doe Defendants "1 through 50". **(Exhibit 1, Complaint)**.

21 For purposes of removal, however, "the citizenship of defendants sued under fictitious names

22 shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in

23 the state court Complaint has no effect on removability.

24 **B.     The Other Prerequisites for Removal Have Been Met.**

25      This Notice of Removal is timely filed. The relevant statute provides that "[e]ach

26 defendant shall have 30 days after receipt ... of the initial pleading ... to file the notice of

27 removal." 28 U.S.C. § 1446(b)(2)(B). Plaintiff filed the Complaint with the state court on June 6,

28 2019. Defendant GGPNC was personally served with a copy of the Complaint on June 12, 2019,

1   while defendant NPS was personally served with a copy of the Complaint on June 14, 2019.

2   This action is properly removed to the United States District Court for the Northern District of

3   California, San Francisco Division, "the district and division embracing the place where [the]

4   action is pending." 28 U.S.C. § 1441(a).

5          Title 28 U.S.C. § 1446(a), requires a copy of all process, pleadings, and orders served

6   upon the removing defendant in the state court action (Case No. CGC-19-573443) to be included

7   with this Notice of Removal. To date, the only documents served upon GGNPC has been the

8   Complaint and its accompanying documents, attached as **Exhibit 1**.

9          Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal

10  Court, attached hereto as **Exhibit 2**, together with this Notice of Removal, will be served upon

11  counsel for plaintiff and NPS, and will be filed with the clerk of the Superior Court for the

12  County of San Francisco. By filing this Notice of Removal, GGNPC does not waive any rights to

13  object to jurisdiction over the person or venue, and reserves the right to assert any defenses

14  and/or objections to which it may be qualified to assert.

15         Should the Court question whether removal of this action is appropriate, GGNPC

16  respectfully requests the opportunity to submit further briefing and, if necessary, oral argument,

17  in support of its position.

18  DATED:  June 13, 2019                          ERICKSEN ARBUTHNOT

19

20

21                                              JOSEPH J. MINIOZA
                                                KARA L. WILD
22                                              Attorneys for Defendant,
                                                GOLDEN GATE NATIONAL PARKS
23                                              CONSERVANCY

24

25

26

27

28

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) BY DEFENDANT GOLDEN GATE
NATIONAL PARKS CONSERVANCY**

**EXHIBIT 1**

SUM-100

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
(Additional Parties Attachment Form is Attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GRETTA ETHERIDGE, an individual;

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco<br>400 McAllister Street<br>San Francisco, CA 94102 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CGC-19-576508 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LOUIS | WHITE PC, 1851 Heritage Lane, Suite 148, Sacramento, CA 95815 (916) 333-3613

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* JUN 0 6 2019 | DEPUTY CLERK | Clerk, by<br>*(Secretario)* BOWMAN LIU | | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* Golden Gate National Parks Conservancy
3. ☒ on behalf of *(specify):* dba Crissy Field Center

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* 416.50 Public Entity
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]     **SUMMONS**     Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Etheridge v. Golden Gate National Parks Conservancy, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff    [✓] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

GOLDEN GATE NATIONAL PARKS CONSERVANCY dba CRISSY FIELD CENTER; NATIONAL PARK SERVICE; and DOES 1-50, inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1   Jamil L. White (SBN: 244028)
2   Andrey R. Yurtsan (SBN: 294760)
    LOUIS WHITE PC
3   1851 Heritage Lane, Suite 148
    Sacramento, CA 95815
4   Telephone:    (916) 333-3613
    Facsimile:    (916) 274-4631

5   Attorneys for Plaintiff,
6   GRETTA ETHERIDGE

JUN 0 6 2019

CLERK OF THE COURT
BY: _____

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10

11

12   GRETTA ETHERIDGE, an individual;          CASE NO.:   CGC-19-576506

13              Plaintiff,                      PLAINTIFF GRETTA
                                               ETHERIDGE'S COMPLAINT FOR:
14              vs.

15   GOLDEN GATE NATIONAL PARKS                 1. PREMISES LIABILITY –
     CONSERVANCY dba CRISSY FIELD               NOTICE OF DANGEROUS
16   CENTER; NATIONAL PARK SERVICE; and         CONDITION OF PROPERTY
     DOES 1-50, inclusive,                      PURSUANT TO GOVERNMENT
17                                              CODE §§ 835 AND 835.2(a)
                Defendants.
18

19

20

21                        PRELIMINARY ALLEGATIONS

22   1.      At all times mentioned herein, Plaintiff GRETTA ETHERIDGE ("Plaintiff") was and is a

23   resident of the County of Sacramento, State of California.

24   2.      At all times mentioned herein, Plaintiff is informed and believes that Defendant GOLDEN

25   GATE NATIONAL PARKS CONSERVANCY dba CRISSY FIELD CENTER ("GGNPC") was

26   and is a public entity and/or municipal corporation duly organized and existing under the laws of

27   the State of California, located in the County of San Francisco, California.

28

                                        1
                        PLAINTIFF GRETTA ETHERIDGE'S COMPLAINT

1   3.     At all times mentioned herein, Plaintiff is informed and believes that Defendant

2   NATIONAL PARK SERVICE ("NPS") was and is a public entity and/or municipal corporation

3   duly organized and existing under the laws of the State of California

4   4.     The true names and capacities, whether individuals, corporate, associate or otherwise, of

5   the defendants DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues such

6   defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true

7   names and capacities when the same have been ascertained. Plaintiff is informed and believes and

8   thereon alleges that each of the Defendants designated herein as DOE is responsible under law in

9   some manner and liable herein by reason of negligence, wanton and reckless misconduct, breach

10  of warranty, strict liability, and in other manner, and by such wrongful conduct proximately

11  caused the events and happenings herein referred to and proximately thereby caused the injuries

12  and damages to Plaintiff as alleged herein.

13  5.     The amount in controversy exceeds $25,000.00 and thus exceeds the minimum

14  jurisdictional amount of the unlimited jurisdiction of the Superior Court of the State of California.

15  6.     Plaintiff is informed and believes, and thereon alleges, that at all time relevant herein,

16  each defendant, whether designated by name or as a DOE, was the agent, servant, and employee

17  of every other defendant, who was a principle, master, and employer of each other defendant, and

18  every defendant was acting within the course and scope of said agency, authority and

19  employment. Furthermore, each of the defendants was a partner and engaged in a joint venture

20  with every other defendant, and each defendant was acting within the course, scope, and in

21  furtherance of said partnership and joint venture; and each defendant who was a principle, master,

22  or employer authorized, ratified, directed, and approved the acts, omissions, and conduct of each

23  other defendant; and each defendant assumed the liabilities of every other defendant with respect

24  to the conditions, incidents, events, injuries and damages referred to herein.

25  7.     On September 29, 2018, PLAINTIFF was visiting GOLDEN GATE NATIONAL PARK

26  CENTER dba CRISSY FIELD CENTER.

27

28

2

8.      While visiting GGNPC, PLAINTIFF was walking on a grassy area wherein there was a divot more than 2 inches deep which was covered by grass. Plaintiff fell and shattered 3 bones in her right foot.

9.      GGNPC and NPS failed to use reasonable care in the maintenance of this grassy area of the park. This defect (divot in the grass) is well in excess of two (2) inches and is not trivial or insignificant.

10.     The divot was due to design defect, neglect, disrepair, failure to inspect, and/or failure to maintain by the GGNPC and NPS.

11.     PLAINTIFF is informed and believes and thereupon alleges that the GOLDEN GATE NATIONAL PARK CENTER and NATIONAL PARK SERVICE had either actual or constructive notice that the divot in the grass, due to, but not limited to, design defect, neglect, disrepair, failure to inspect, and/or failure to maintain the area, presented a dangerous, unsafe, and hazardous condition to individuals such as PLAINTIFF using the public property.

12.     PLAINTIFF is informed and believes and thereupon alleges that Defendants made no attempt to maintain the condition of the field or service the field, or, if it did, it did so inadequately and negligently. Furthermore, had Defendants adequately inspected the field they would have acquired the requisite notice of the properties dangerous condition.

13.     PLAINTIFF went to Urgent Care with complaints of foot pain. At the Urgent Care, she was examined, evaluated and underwent scans of her right foot.   After these imaging studies, it was determined that PLAINTIFF had 3 bones shattered and need surgery as a result of this incident.

14.     PLAINTIFF underwent surgery at Sutter Hospital in Elk Grove. After this procedure, PLAINTIFF was provided with medications and instructed to return for surgery to have the sutures removed. PLAINTIFF was given a knee scooter, boot, cast and crutches during this time.

15.     Prior to the accident, PLAINTIFF was very active.  However, to date, PLAINTIFF'S daily tasks have been severely curtailed as she cannot maintain her previously lifestyle due to severe pain in her right foot.

1  16.   The name(s) of the public employee(s) causing PLAINTIFF'S injuries under the described

2  circumstances are not known to PLAINTIFF at this time.

3  17.   The injuries sustained by PLAINTIFF, as far as known, as of the date of this Complaint,

4  consist of the significant shattered bones to the right foot, associated treatment and recovery.  The

5  financial cost to the PLAINTIFF, and the cost of bills, must be recovered.

6  18.   On March 8, 2019, PLAINTIFF presented her claim to the Department of Parks and

7  Recreation and Government Claims Program, pursuant to California Government Code § 910.

8  This claim was rejected on March 27, 2019.

9

10
### FIRST CAUSE OF ACTION
**Premises Liability–Notice of Dangerous Condition of Property Pursuant to**

11
**Government Code §§ 835 and 835.2(a)**
(Against all Defendants)

12  19.   Plaintiff incorporates all allegations of this Complaint and re-alleges them as though they

13  were fully set forth herein.

14  20.   Defendants failed to use reasonable care in the maintenance of this property.  This defect

15  (divot in the grass) is well in excess of two (2) inches and is not trivial or insignificant.

16  21.   The divot in the grass was due to design defect, neglect, disrepair, failure to inspect,

17  and/or failure to maintain by the Defendants.

18  22.   PLAINTIFF is informed and believes and thereupon alleges that the Defendants had either

19  actual or constructive notice that the divot in the grass, due to, but not limited to, design defect,

20  neglect, disrepair, failure to inspect, and/or failure to maintain the field, presented a dangerous,

21  unsafe, and hazardous condition to individuals such as PLAINTIFF using the public property.

22  23.   PLAINTIFF is informed and believes and thereupon alleges that the Defendants made no

23  attempts to maintain the condition of the field or service the field, or, if it did, it did so

24  inadequately and negligently. Furthermore, had the Defendants adequately inspected the field

25  they would have acquired the requisite notice of the property's dangerous condition.

26  24.   PLAINTIFF is informed, believes and thereupon alleges that the circumstances under

27  which a public entity will be held liable for injuries caused by a dangerous condition of property

28  is governed by California Government Code § 835.  This Section states:

4

Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:

(a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

(b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

25.     PLAINTIFF is informed, believes that California Government Code § 835.2 explains a public entity notice of a dangerous condition.  This Section states:

(a) A public entity had actual notice of a dangerous condition within the meaning of subdivision (b) of Section 835 if it had actual knowledge of the existence of the condition and knew or should have known of its dangerous character.

(b) A public entity had constructive notice of a dangerous condition within the meaning of subdivision (b) of Section 835 only if the plaintiff establishes that the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character. On the issue of due care, admissible evidence includes but is not limited to evidence as to:

(1) Whether the existence of the condition and its dangerous character would have been discovered by an inspection system that was reasonably adequate (considering the practicability and cost of inspection weighed against the likelihood and magnitude of the potential danger to which failure to inspect would give rise) to inform the public entity whether the property was safe for the use or uses for which the public entity used or intended others to use the public property and for uses that the public entity actually knew others were making of the public property or adjacent property.

(2) Whether the public entity maintained and operated such an inspection system with due care and did not discover the condition.

5

26.    PLAINTIFF is informed, believes and thereon alleges that at the time of the Subject Incident in September of 2018, and prior thereto, Defendant GOLDEN GATE NATIONAL PARK CENTER dba CRISSY FIELD CENTER owned, maintained and controlled the subject field.

27.    PLAINTIFF is informed, believes and thereon alleges that the Defendant GGNPC knew or should have known of the dangerous condition of the subject field, specifically, the defective divot in the field that was well in excess of two (2) inches and is not trivial or insignificant.

28.    PLAINTIFF is informed, believes and thereon alleges that at the time of the Subject Incident in September of 2018, and prior thereto, Defendants had actual and/or constructive knowledge that the subject field was in a clear and obvious condition which created a substantial risk for the type of injury alleged herein. In addition, Defendants should have, prior to the incident of September of 2018, taken measures to protect against this dangerous condition.

29.    PLAINTIFF was not aware of the dangerous condition of the subject field at the time of the Subject Incident in September 2018.

30.    PLAINTIFF is informed, believes and thereon alleges that as a proximate result of Defendants' breach of its duty to maintain the subject field in a safe, non-hazardous and non-dangerous condition and its failure to remedy the unsafe, hazardous and dangerous condition or to have such repaired or remedied within a reasonable time, or at all, Defendants are in violation of California Government Code §§ 835 and 835.2. Due to Defendants' failure and breach, PLAINTIFF was injured in her health, strength and activity, sustaining injuries to her person, all of which have caused, and will continue to cause, PLAINTIFF significant mental and physical pain and suffering. PLAINTIFF is informed, believes and thereon alleges that said injuries will result in permanent disability to PLAINTIFF, all to her damages, in an amount subject to proof at trial.

31.    As a direct and proximate result of the aforementioned accident caused by each of the Defendants and DOES 1 through 50, inclusive, as set forth specifically above, PLAINTIFF suffered severe, painful, debilitating and permanent physical injuries to her body including but not limited to right foot and ankle pain, 3 shattered bones and 2 surgeries.

1    32.    As a direct and proximate result of the negligence or other wrongful conduct of

2    Defendants, and each of them, as herein alleged, PLAINTIFF was required to and did employ

3    physicians for medical examination, treatment and care of said injuries, and did incur medical and

4    incidental expenses among others the exact amount of which is unknown at the present time.

5    Plaintiff will amend this Complaint to set forth such damages as they become more fully known.

6    33.    As a direct and proximate result of the negligence or other wrongful conduct of

7    Defendants, and each of them, as herein alleged, PLAINTIFF has incurred and will incur in the

8    future further medical and incidental expenses for the care and treatment of these injuries the

9    exact amount of which is unknown at the present time. PLAINTIFF will amend this Complaint to

10    set forth such damages as they become more fully known.

11    34.    As a further direct and proximate result of the actions, conduct and breach of duty of

12    Defendants set forth herein, PLAINTIFF has suffered and incurred special damages in an amount

13    according to proof.

### PRAYER FOR DAMAGES

15    WHEREFORE, Plaintiff GRETTA ETHERIDGE prays for judgment against Defendants,

16    and each of them, as follows:

17            1) For general and actual damages according to proof;

18            2) For past and future medical, incidental and related expenses according to proof;

19            3) For costs of suit incurred herein; and

20            4) For such other and further relief as the Court may deem just and proper.

DATED: June 6, 2019                  Respectfully submitted,

LOUIS | WHITE

JAMIL L. WHITE
Attorneys for Plaintiff
GRETTA ETHERIDGE

7

CASE NUMBER: CGC-19-576508  GRETTA ETHERIDGE VS. GOLDEN GATE NATIONAL PARK

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** NOV-06-2019

**TIME:** 10:30AM

**PLACE:** Department 610
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order  without an appearance  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  This case is **eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
>
> (SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint  (CRC 3.221). The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
400  McAllister Street, Room 103-A
San Francisco, CA 94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LOUIS WHITE PC<br>Jamil L. White (SBN: 244028)<br>1851 Heritage Lane, Suite 148<br>Sacramento, CA 95815<br>TELEPHONE NO.: (916) 333-3613    FAX NO.: (916) 274-4631<br>ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Etheridge v. Golden Gate National Parks Conservancy, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-19-576508<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[✓] Other PI/PD/WD (23) | Real Property<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| Non-PI/PD/WD (Other) Tort | | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | Unlawful Detainer<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>Judicial Review<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | [ ] Enforcement of judgment (20)<br>Miscellaneous Civil Complaint<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>Miscellaneous Civil Petition |
| Employment<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): One
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 6, 2019
Jamil L. White
_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
  Property Damage/Wrongful Death)
  Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
  Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



> The plaintiff must serve a copy of the ADR Information Package on each defendant along
> with the complaint. Cross-complainants must serve a copy of the ADR Information Package
> on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for
settling a dispute without a trial. There are many different ADR processes, the most common forms of
which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide
disputes or help parties decide disputes themselves.  They can help parties resolve disputes without
having to go to trial.

**WHY CHOOSE ADR?**
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should
participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or
some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- ADR can save time.  A dispute often can be resolved in a matter of months, even weeks,
  through ADR, while a lawsuit can take years.
- ADR can save money, including court costs, attorney fees, and expert fees.
- ADR encourages participation. The parties may have more opportunities to tell their story than
  in court and may have more control over the outcome of the case.
- ADR is more satisfying. For all the above reasons, many people participating in ADR have
  reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to**
**respond to a complaint or cross-complaint\*\***

**WHAT ARE THE ADR OPTIONS?**
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The
programs are described below:

**1)  MANDATORY SETTLEMENT CONFERENCES**
Settlement conferences are appropriate in any case where settlement is an option. The goal of
settlement conferences is to provide participants an opportunity to reach a mutually acceptable
settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the
court and are often held near the date a case is set for trial, although they may be held earlier if
appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement
conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by
the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF), in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) JUDICIAL MEDIATION PROGRAM provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) PRIVATE MEDIATION: Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) COMMUNITY BOARDS MEDIATION SERVICES: Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION
An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION
When the court orders a case to arbitration it is called "Judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION
Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

For more information about ADR programs or dispute resolution alternatives, contact:

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO :<br>ATTORNEY FOR (Name):<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____<br><br>DEPARTMENT 610 |

1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐   **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $46-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐   **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐   Other ADR process (describe) _____

2)   The parties agree that the ADR Process shall be completed by (date): _____
3)   Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____
Name of Party Stipulating                                    Name of Party Stipulating

_____
Name of Party or Attorney Executing Stipulation              Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney                               Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant        ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____                            Dated: _____

☐   *Additional signature(s) attached*

ADR-2  10/18           **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

**EXHIBIT 2**

1  JOSEPH J. MINIOZA, ESQ., (Bar No. 197379)
   KARA L. WILD, ESQ., (Bar No. 271647)
2  ERICKSEN ARBUTHNOT
   2300 Clayton Road, Suite 350
3  Concord, California 94520
   Tel: (510) 832-7770
4  Fax: (510) 832-0102
   jminioza@ericksenarbuthnot.com
5  kwild@ericksenarbuthnot.com

6  Attorneys for Defendant,
   GOLDEN GATE NATIONAL PARKS CONSERVANCY (erroneously sued as GOLDEN
7  GATE NATIONAL PARKS CONSERVANCY dba CRISSY FIELD CENTER)

8
            SUPERIOR COURT OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO
9
                                UNLIMITED JURISDICTION
10

11  GRETTA ETHERIDGE, an individual;        )   **Case No.: CGC-19-573443**
                                            )
12                 Plaintiff,               )   **NOTICE TO ADVERSE PARTY OF**
                                            )   **REMOVAL TO FEDERAL COURT**
13         vs.                              )
                                            )
14  GOLDEN GATE NATIONAL PARKS              )
    CONSERVANCY dba CRISSY FIELD            )
15  CENTER; NATIONAL PARK SERVICE;          )
    and DOES 1-50, inclusive,               )
16                                          )
                                            )
17                 Defendants.              )
                                            )
18  _____)

19         TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20         NOTICE IS HEREBY GIVEN that a Notice of Removal of this action was filed in

21  the United States District Court for the Northern District of California, San Francisco

22  Division, on or about July 12, 2019.  A copy of said Notice of Removal is attached to this

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///


                    **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

1  | Notice as Exhibit 1.

2  | DATED: July 12, 2019                    ERICKSEN ARBUTHNOT

3

4

5  |                                          JOSEPH J. MINIOZA
   |                                          KARA L. WILD
6  |                                          Attorneys for Defendant,
   |                                          GOLDEN GATE NATIONAL PARKS
7  |                                          CONSERVANCY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**
[CCP §§1013, 2015.5]

2

3

*Etheridge v. Golden Gate National Parks Conservancy, et al.*
986

4

5          I the undersigned, hereby declare that I am over the age of 18 years and not a party to
the within action.  I am employed in the County of Contra Costa, the County in which the

6          following service occurred.  My business address is 2300 Clayton Road, Suite 350, Concord,
California, 94520.

7

8          On July 12, 2019, I caused a true copy of the following document(s) to be served in
this action upon the person(s) set forth below, by the method indicated.

9

**DOCUMENT(S) SERVED:**          **NOTICE TO ADVERSE PARTY OF REMOVAL**
**TO FEDERAL COURT**

10

11   **PERSON(S) SERVED:**
Jamil L. White, Esq.

12   Andrey R. Yurtsan
Louis White, PC

13   1851 Heritage Lane, Ste. 148
Sacramento, CA 95815

14

15   **XX (BY MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in
the United States Mail this day in Concord, California.  I am "readily familiar" with the

16   firm's practice of collecting and processing mail.  It is deposited with the U.S. Postal Service
on that same day in the ordinary course of business.

17

18   **(BY PERSONAL SERVICE)** I caused said document(s) to be personally delivered by hand
to the persons named above.

19

20   **XX (BY ELECTRONIC SERVICE)** I certify that this document was served electronically
to the person(s) named above.  Notice of this filing will be sent to the above person(s) by

21   operation of the Court's electronic filing system.  Parties may access this filing through the
Court's system.

22

23   **(BY ELECTRONIC MAIL)** I caused said document(s) to be electronically mailed to the
person(s) named above at the electronic mail address stated.

24

25   **(BY FACSIMILE TRANSMISSION)** I caused the said document(s) to be transmitted by
facsimile transmission to the number indicated after the addresses noted above or on the

26   attachment herein.

27

28   **(BY OVERNIGHT COURIER)** I caused each such envelope addressed to the party/parties,
with postage or delivery fees thereon fully prepaid or provided for, and depositing said

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT
- 3 -

1    envelope(s) in a box or other facility regularly maintained by the overnight courier or driver
authorized by the overnight courier to receive documents.

2

3          I declare under penalty of perjury, under the laws of the State of California, that the
foregoing is true and correct.

4

      Executed at Concord, California on July 12, 2019.

5

6                                            Richard "Rik" Britton

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
[CCP §§1013, 2015.5]

*Etheridge v. Golden Gate National Parks Conservancy, et al.*
986

        I the undersigned, hereby declare that I am over the age of 18 years and not a party to the within action.  I am employed in the County of Contra Costa, the County in which the following service occurred.  My business address is 2300 Clayton Road, Suite 350, Concord, California, 94520.

        On July 12, 2019, I caused a true copy of the following document(s) to be served in this action upon the person(s) set forth below, by the method indicated.

**DOCUMENT(S) SERVED:**        **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) BY DEFENDANT GOLDEN GATE NATIONAL PARKS CONSERVANCY**

**PERSON(S) SERVED:**
Jamil L. White, Esq.
Andrey R. Yurtsan
Louis White, PC
1851 Heritage Lane, Ste. 148
Sacramento, CA 95815

**XX (BY MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail this day in Concord, California.  I am "readily familiar" with the firm's practice of collecting and processing mail.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

**(BY PERSONAL SERVICE)** I caused said document(s) to be personally delivered by hand to the persons named above.

**XX (BY ELECTRONIC SERVICE)** I certify that this document was served electronically to the person(s) named above.  Notice of this filing will be sent to the above person(s) by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

**(BY ELECTRONIC MAIL)** I caused said document(s) to be electronically mailed to the person(s) named above at the electronic mail address stated.

**(BY FACSIMILE TRANSMISSION)** I caused the said document(s) to be transmitted by facsimile transmission to the number indicated after the addresses noted above or on the attachment herein.

**(BY OVERNIGHT COURIER)** I caused each such envelope addressed to the party/parties, with postage or delivery fees thereon fully prepaid or provided for, and depositing said

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) BY DEFENDANT GOLDEN GATE
NATIONAL PARKS CONSERVANCY

envelope(s) in a box or other facility regularly maintained by the overnight courier or driver authorized by the overnight courier to receive documents.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed at Concord, California on July 12, 2019.

_____
Richard "Rik" Britton

1

## PROOF OF SERVICE
[CCP §§1013, 2015.5]

2

3

*Etheridge v. Golden Gate National Parks Conservancy, et al.*
986

4

5

6

   I the undersigned, hereby declare that I am over the age of 18 years and not a party to the within action.  I am employed in the County of Contra Costa, the County in which the following service occurred.  My business address is 2300 Clayton Road, Suite 350, Concord, California, 94520.

7

8

   On July 12, 2019, I caused a true copy of the following document(s) to be served in this action upon the person(s) set forth below, by the method indicated.

9

10

**DOCUMENT(S) SERVED:**   **NOTICE TO ADVERSE PARTY OF REMOVAL
TO FEDERAL COURT**

11

**PERSON(S) SERVED:**
Jamil L. White, Esq.

12

Andrey R. Yurtsan
Louis White, PC

13

1851 Heritage Lane, Ste. 148

14

Sacramento, CA 95815

15

16

**XX (BY MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail this day in Concord, California.  I am "readily familiar" with the firm's practice of collecting and processing mail.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

17

18

19

**(BY PERSONAL SERVICE)** I caused said document(s) to be personally delivered by hand to the persons named above.

20

21

22

**XX (BY ELECTRONIC SERVICE)** I certify that this document was served electronically to the person(s) named above.  Notice of this filing will be sent to the above person(s) by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

23

24

**(BY ELECTRONIC MAIL)** I caused said document(s) to be electronically mailed to the person(s) named above at the electronic mail address stated.

25

26

**(BY FACSIMILE TRANSMISSION)** I caused the said document(s) to be transmitted by facsimile transmission to the number indicated after the addresses noted above or on the attachment herein.

27

28

**(BY OVERNIGHT COURIER)** I caused each such envelope addressed to the party/parties, with postage or delivery fees thereon fully prepaid or provided for, and depositing said

1   envelope(s) in a box or other facility regularly maintained by the overnight courier or driver
2   authorized by the overnight courier to receive documents.

3      I declare under penalty of perjury, under the laws of the State of California, that the
    foregoing is true and correct.

4      Executed at Concord, California on July 12, 2019.

5

6                 _____

7                 Richard "Rik" Britton

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE
[CCP §§1013, 2015.5]

*Etheridge v. Golden Gate National Parks Conservancy, et al.*
986

I the undersigned, hereby declare that I am over the age of 18 years and not a party to the within action. I am employed in the County of Contra Costa, the County in which the following service occurred. My business address is 2300 Clayton Road, Suite 350, Concord, California, 94520.

On July 12, 2019, I caused a true copy of the following document(s) to be served in this action upon the person(s) set forth below, by the method indicated.

**DOCUMENT(S) SERVED:**      **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) BY DEFENDANT GOLDEN GATE NATIONAL PARKS CONSERVANCY**

**PERSON(S) SERVED:**
Jamil L. White, Esq.
Andrey R. Yurtsan
Louis White, PC
1851 Heritage Lane, Ste. 148
Sacramento, CA 95815

**XX (BY MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail this day in Concord, California. I am "readily familiar" with the firm's practice of collecting and processing mail. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

**(BY PERSONAL SERVICE)** I caused said document(s) to be personally delivered by hand to the persons named above.

**XX (BY ELECTRONIC SERVICE)** I certify that this document was served electronically to the person(s) named above. Notice of this filing will be sent to the above person(s) by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**(BY ELECTRONIC MAIL)** I caused said document(s) to be electronically mailed to the person(s) named above at the electronic mail address stated.

**(BY FACSIMILE TRANSMISSION)** I caused the said document(s) to be transmitted by facsimile transmission to the number indicated after the addresses noted above or on the attachment herein.

**(BY OVERNIGHT COURIER)** I caused each such envelope addressed to the party/parties, with postage or delivery fees thereon fully prepaid or provided for, and depositing said

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) BY DEFENDANT GOLDEN GATE
NATIONAL PARKS CONSERVANCY

1  envelope(s) in a box or other facility regularly maintained by the overnight courier or driver
authorized by the overnight courier to receive documents.

2

3       I declare under penalty of perjury, under the laws of the State of California, that the
foregoing is true and correct.

4

       Executed at Concord, California on July 12, 2019.

5

6                                                        _____
                                                         Richard "Rik" Britton

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28